1840.

Evertson
v.
Ogden.

---

EVERTSON & EVERTSON *vs.* OGDEN, executor, &c.

Where a bill was filed against a defendant as executrix of her deceased husband, to reach property which she had received as such executrix, but which in equity belonged to the complainants, and she died after a decree had been made in their favor; *Held,* that the surviving executor of the husband, but who was not made a party to the original suit, could only be brought before the court by an original bill in the nature of a bill of revivor and supplement ; and that the filing of a mere bill of revivor against him was improper.

Where a bill of revivor filed against a defendant shows no title in the complainant to revive, as against him, he should demur to the bill instead of pleading thereto.

A plea cannot, in the court of chancery, be substituted in place of a demurrer.

THIS was a plea to a bill of revivor. The original bill was against Eliza Evertson, as executrix of Nicholas Evertson deceased, to reach certain property which she had received as such executrix, but without right, and which in equity belonged to the complainants. And a decree was thereupon made for an account, to ascertain what had been received by her on the bonds and mortgages in which the complainants had an interest, and what still remained due thereon. In this situation of the suit she died, and this bill was thereupon filed against D. B. Ogden, the surviving executor of N. Evertson, but who was not a party to the original suit, to revive the suit against him. To the bill of revivor thus filed the defendant pleaded that he had no assets, and had not any at the time of the transactions mentioned in the bill ; that he was informed and believed that Eliza Evertson, the acting executrix, distributed all the

April 7.

assets, in her lifetime, among the children and legatees of N. Evertson ; and that the defendant in this bill of revivor had not acted as executor, for a long period before the transactions mentioned in the bill, except as to some formal matters, and that he was wholly ignorant of the matters stated in the bill.

*H. W. Warner*, for the complainants.

*T. R. Green*, for the defendant.

THE CHANCELLOR. I am satisfied from the case as made by the bill itself, that this is not a case for a simple bill of revivor, against one of the original executors of N. Evertson who was not made a party to the former suit. If the estate of N. Evertson must be represented in these further proceedings, (as it probably must, to reach that part of the mortgages which had not been collected at the time of the decree,) the surviving executor upon whom the interest assigned to her has devolved, if it remained in her hands when she died, must be brought before the court by an original bill in the nature of a bill of revivor and supplement. And as Mrs. Evertson had also made herself personally liable for the funds belonging to the complainants, which she received, it may be proper also to make her personal representatives parties. And if the suggestion in the plea is correct, that she had paid over the whole fund to the children and distributees of N. Evertson before her death, I am inclined to think it would be proper to make them parties also, to compel them to refund. Upon these questions, however, I express no definite opinion.

But the defendant has mistaken his defence. As the bill showed no title to revive against him, in this form, his proper course was to demur. And in this court a plea cannot be substituted in place of a demurrer. (*Billing* v. *Flight*, 1 *Mad. Rep.* 230. *Cown* v. *Price*, 1 *Bibb's Rep.* 175. *Story's Eq. Pl.* 504, § 660.) Here no new fact is brought forward by the plea which in itself constitutes a

bar to the revivor. The plea is also informal in setting out several distinct facts, not tending to the same point. It must therefore be overruled; but with leave to the defendant to demur, unless the complainants think proper to amend their bill by making it an original bill in the nature of a bill of revivor and supplement, and bringing all proper parties before the court as they shall be advised. And they are to have sixty days, after the entry of this order, to amend if they think proper to do so.

The costs follow of course upon the overruling of the plea.